IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINEWORKS ENGINEERING, LLC, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | |
| } | 2:14-cv-2018-HGD |
| AERIAL SURVEYING, INC., } | |
| } | |
| Defendant. } | |

## **MEMORANDUM OPINION AND ORDER**

On August 31, 2015, the magistrate judge entered a report and recommendation (Doc. 19) in this action, in which he recommended that the court deny the motion to dismiss for lack of personal jurisdiction (Doc. 3) filed by defendant Aerial Surveying, Inc. ("ASI"). ASI objected to the report and recommendation on September 14, 2015. (Doc. 20). The clerk randomly selected the undersigned judge to review the objections to the report and recommendation.

When a party objects to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2012). The portions of the report and recommendation from which no objection is taken are reviewable only for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x 781, 784 (11th Cir. 2006).

This case concerns a subcontractor agreement entered into

1

between plaintiff Lineworks Engineering, LLC ("Lineworks"), an Alabama LLC, and ASI, a one-owner Hawaiian corporation. (Doc. 1 at 8). Lineworks, a general contractor, contracted with ASI, a subcontractor, for ASI to perform aerial surveying of transmission lines operated by Maui Electric Company in Hawaii. (*Id.*). Lineworks alleges that ASI failed to properly perform under the terms of the contract and brought suit in Alabama. (*Id.*). Importantly, Lineworks alleges that the parties' agreement contains a forum selection clause, which provides: "Any dispute arising out of the SMA [Subcontractor Master Agreement] or any Work Authorization issued thereunder shall be brought in the State of Alabama in a court of competent jurisdiction." (Doc. 1 at 9, ¶ 6b). Apart from this clause, it appears without dispute that ASI does not have sufficient contacts with Alabama to be subject to personal jurisdiction here.

ASI moved to dismiss under Fed. R. Civ. P. 12(b)(2), arguing that, notwithstanding the forum selection clause, the action should be dismissed for lack of personal jurisdiction. The magistrate judge entered a report and recommendation, in which he recommended that the motion to dismiss be denied because the forum selection clause is applicable and enforceable. ASI timely objected on two grounds: (1) because Lineworks did not produce the entire contract, but only included a few portions in the complaint, the magistrate judge erred in determining that it constituted a valid contract;

and (2) ASI made a strong showing that the forum selection clause should not be enforced because it is unreasonable and violates public policy. The court has considered the portions of the report and recommendation to which ASI did not object and finds no clear error to be present.

First, ASI argues that "[w]hether there is a valid, enforceable contract is . . . a threshold issue," (Doc. 20 at 2), and this determination can only be made by examining the entire contract, so Lineworks' failure to produce the entire agreement precludes reliance on the forum selection clause. This argument is without merit. ASI did not cite, and this court cannot find, a single case in which a plaintiff seeking to rely on a forum selection clause was required to produce the entire contract at the pleadings stage, under penalty of dismissal. Importantly, ASI nowhere contests that the parties actually agreed to or signed the contract, that any offer, acceptance, or consideration was in fact lacking, or that the forum selection clause did not appear in the contract exactly as Lineworks reproduced it. Instead, without citing any relevant authority, ASI seeks dismissal simply because Lineworks did not attach the contract to its complaint. The court will not impose such an artificial barrier.

Next, ASI argues that the court should find the forum selection clause to be unenforceable. "Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a

'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels, Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) [ASI] would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive [ASI] of a remedy; or (4) enforcement of the clause would contravene public policy." *Id.*

ASI argues that the forum selection clause is unenforceable based on two of these grounds. First, it asserts that because it is a single-owner Hawaii business which Lineworks sought out in Hawaii, the contract was to be performed exclusively in Hawaii, and all evidence and witnesses are located in Hawaii (some of whom may be outside the subpoena power of this court), ASI would be effectively deprived of its day in court should the case proceed here. The magistrate judge rejected this contention, and this court does the same. The Eleventh Circuit has plainly held that "[t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *Rucker v. Oasis Legal Finance, LLC*, 632 F.3d 1231, 1237 (11th Cir. 2011) (quoting *P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003)). To the extent ASI complains about the potential unavailability of witnesses or other evidence at trial, "any

4

inconvenience [ASI] would suffer . . . was foreseeable at the time of contracting." *Rucker*, 632 F.3d at 1237. In such a case, the complaining party must show "grav[e] difficult[y]." *Id.* The fact that some depositions may need to be taken in Hawaii and then offered at trial in lieu of live testimony was a foreseeable problem and does not rise to the level of grave difficulty. The court will not now set aside the parties' mutual agreement simply because ASI, at the time of contracting, underestimated the inconvenience involved.

ASI also argues that enforcement of the clause would contravene public policy because this suit concerns work done on behalf of Maui Electric Company, a Hawaii public utility, and Hawaii has a strong interest in "governing its own affairs concerning public works and infrastructure." (Doc. 20 at 6). The magistrate judge concluded, however, and this court agrees, that the contract is only tangentially related to the Hawaii public utility and is certainly not sufficiently related as to somehow confer exclusive jurisdiction upon Hawaii courts. The contract required ASI to conduct an aerial survey of 33 miles of transmission lines, and this suit primarily regards the timing of ASI's actions and the technological form in which ASI produced the survey. Given that the issues raised by this case are largely attenuated from the actual operation and regulation of Hawaii's power grid, and given that ASI has once again failed to cite any

pertinent case law, the court finds that enforcement of the forum selection clause will not contravene public policy.

## CONCLUSION

Based on the court's de novo review of the portions of the report and recommendation to which ASI objected and the court's review for clear error of the portions to which ASI did not object, the court ADOPTS the magistrate judge's report and ACCEPTS his recommendation. ASI's motion to dismiss (Doc. 3) is DENIED. The above-entitled action is referred back to the magistrate judge for further proceedings.

DONE this 18th day of September, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE